UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:23-cv-00254

| | |
|---|---|
| TOMARKUS WATKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) COMPLAINT and DEMAND FOR JURY |
| MAVIS TIRE SUPPLY LLC, | ) TRIAL ) ) |
| Defendant. | ) ) ) |

Plaintiff, Tomarkus Watkins ("Watkins" or "Plaintiff"), by and through counsel, brings this action for violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, against Defendant Mavis Tire Supply LLC ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Defendant unlawfully interfered with Plaintiff's rights as protected by the FMLA by willfully failing to provide information relating to his eligibility to utilize FMLA protected leave to care for his son.

2. Defendant unlawfully interfered with Plaintiff's rights as protected by the FMLA by willfully failing to provide information relating to his rights and responsibilities in using FMLA protected leave to care for his son.

3. Defendant unlawfully retaliated with Plaintiff's rights as protected by the FMLA by terminating his employment because he attempted to utilize FMLA protected leave to care for his son.

## THE PARTIES

4. Plaintiff is an adult individual who is a resident of Polkton, North Carolina.

5. Defendant is a Limited Liability Company formed under Delaware laws. Upon information and belief, Defendant is not registered in the State of North Carolina but conducts business within the State of North Carolina.

**JURISDICTION AND VENUE**

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FMLA for unlawful interference.

7. This Court has personal jurisdiction because Defendant conducts substantial business in Union County, North Carolina, which is located within this judicial district.

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Union County, North Carolina, which is located within this judicial district.

**COVERAGE ALLEGATIONS**

9. At all relevant times, Defendant has been an "employer" within the meaning of the FMLA, in that Defendant employs fifty (50) or more employees in 20 or more workweeks, 29 U.S.C. § 2611(4).

10. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA, in that Defendant employed him for at least 12 months, and he performed at least 1,250 hours of service with Defendant during the 12-month period preceding the termination of his employment, 29 U.S.C. § 2611(2).

**PLAINTIFF'S FACTUAL ALLEGATIONS**

11. Watkins began his employment with Defendant as a Mechanic on or about December 8, 2020.

12. At all relevant times, Watkins met or exceeded Defendant's legitimate employment expectations as evidenced by positive performance reviews and no disciplinary actions.

13. In or about 2020, Watkins' son began experiencing seizures due to a car accident, which required Watkins to provide care to his son including, but not limited to, taking his son to the hospital and providing at home care following discharge from the hospital. Depending on the severity and frequency of Watkins' son's seizures, Watkins must provide at home care to his son ranging from one to three days. During that time, Watkins is not able to work.

14. At all relevant times, Defendant had actual notice of Watkins' son's seizures and Watkins' need to provide care for him. Watkins told Lee (last name unknown), Defendant's Regional Manager; John (last name unknown), Defendant's District Manager; Tony Ford ("Ford"), Defendant's Store Manager of the Waxhaw, North Carolina location, about his son's seizures and Watkins' need to provide care for his son. At the time Watkins told Ford, Ford responded stating "why can't his mother take care of him?"

15. In or about January 2023, Watkins moved from Defendant's Waxhaw, North Carolina location to Defendant's new location in Monroe, North Carolina. At the time Watkins moved locations, he provided notice of his son's seizures and need to provide care for him to his new Store Manager Joshua Locklear ("Locklear").

16. Additionally, each time Watkins' son experienced a seizure, Watkins informed Ford and Locklear of his need to provide care for his son and his expected return-to-work date. Watkins' also provided Ford and Locklear with a note from his son's doctor, which provided information about Watkins' need to provide care to his son and his expected return-to-work date.

17. Defendant never provided Watkins with information or notice regarding ability to take FMLA leave to take care of his son.

18. On or about Monday February 13, 2023, Watkins' son experienced a seizure. Watkins left work at approximately 9:30 a.m. to take his son to the hospital.

19. Watkins returned to work on Tuesday February 14, 2023 and worked until Thursday February 16, 2023. Watkins' son experienced another seizure on Thursday February 16, 2023, and Watkins left work around 9:00 a.m. to take his son to the hospital. Watkins' son's medical provider told Watkins that his son needed to stay in the hospital for seventy-two (72) hours and recommended his son participate in a sleep study.

20. Watkins returned to work on Friday February 17, 2023. While at work, Watkins' son's medical provider telephoned Watkins and told him to ask his employer about FMLA leave to care for his son. Watkins then asked Joshua Locklear, Defendant's Store Manager, for FMLA paperwork to care for his son. Locklear told Watkins he would provide him with FMLA paperwork, which he did the following day on or about February 18, 2023.

21. On or about Monday February 20, 2023, Watkins went to work to provide Locklear with the doctor's note. However, Defendant terminated Watkins' employment. Defendant's stated reason for termination was "absenteeism and excessive leaving." Defendant based its reason for termination on three prior instances Watkins either missed work or had to leave work to provide care for his son. Each of Watkins' absences qualified for protected FMLA leave and Defendant unlawfully used those FMLA qualifying absences as the grounds for terminating Watkins' employment.

22. Defendant willfully interfered with Watkins FMLA rights by failing to provide Watkins with eligibility and rights and responsibilities notice when Watkins gave notice of his need for FMLA leave as described above in Paragraphs 15 and 16.

23. Defendant willfully retaliated and/or discriminated against Watkins by terminating his employment because Watkins attempted to utilize FMLA protected leave to care for his son.

24. Watkins has suffered, and continues to suffer, damages as a result of Defendant's unlawful actions.

## PLAINTIFF'S FIRST CAUSE OF ACTION
(Violations of FMLA–Interference)

25. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

26. Defendant unlawfully interfered with Plaintiff's rights under the FMLA by failing to provide Plaintiff with the requisite eligibility notice and rights and responsibilities notice after Plaintiff provided Defendant with actual notice of his need for FMLA leave.

27. Plaintiff was prejudiced by Defendant's failure to provide him with eligibility notice and rights and responsibilities notice because Plaintiff was not able to use FMLA protected leave to take care of his son, which Defendant then used those specific absences as the basis for terminating Plaintiff's employment.

28. As a direct and proximate result of Defendant's unlawful interference in violation of the FMLA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, lost past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

29. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Plaintiff's rights as protected by the FMLA.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Violations of FMLA–Retaliation)

30. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

31. Plaintiff's Second Cause of Action arises from Defendant's unlawful termination of Plaintiff's employment because he attempted to utilize protected FMLA leave to care for his son.

32. As a direct and proximate result of Defendant's unlawful retaliation in violation of the FMLA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, lost past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

33. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Plaintiff's rights as protected by the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to the FMLA that the Defendant pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

b) An Order reinstating Plaintiff to the position he held before Defendant's unlawful termination, or award front pay in lieu of reinstatement;

c) An Order pursuant to the FMLA ordering Defendant to pay liquidated damages;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendant willfully violated provisions of the FMLA for the unlawful interference;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEAMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
Ethan L. Slabosky, NCSB #59555
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, NC 28277
Telephone: (704) 612-0038
Facsimile: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com
ethan@gibbonslg.com

*Attorneys for Plaintiff*